# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-236-MOC
# (3:10-cr-260-MOC-DSC-1)

| | |
|---|---|
| GREGORY D. ANDERSON, | |
| Petitioner, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Request for Admission, (Doc. No. 28), Motion for Recusal, (Doc. No. 29), Rule 60(b) Motion, (Doc. No. 30), and Amended Rule 60(b) Motion, (Doc. No. 32).

Petitioner filed a § 2255 Motion to Vacate in the instant case on April 27, 2017, and an Amended § 2255 Motion to Vacate on February 21, 2018, alleging ineffective assistance of counsel, prosecutorial misconduct, and trial court error. (Doc. Nos. 1, 8). The Court denied and dismissed the petition as procedurally defaulted, waived by the guilty plea, and meritless. (Doc. No. 21). The Fourth Circuit dismissed Petitioner's appeal after independently reviewing the record. United States v. Anderson, 776 Fed. Appx. 111 (4th Cir. 2019).

Petitioner filed the instant Motions seeking discovery, the Court's recusal, and reconsideration. First' Petitioner's Request for Admission is moot because these proceedings have already been decided adversely to him. No live case or controversy presently exists, so Petitioner's request for discovery will be denied as moot. See generally United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008); Williams v. United States, 2018 WL 1612203 (W.D.N.C. April 3, 2018).

1

Second, Petitioner has failed to state an adequate basis for the Court's recusal and none is supported by the record. Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists." Although the judge must accept as true the facts alleged in an affidavit filed under 28 U.S.C. § 144, the judge is not required to accept as true conclusory statements, opinions, or speculations. Davis v. United States, 2002 WL 1009728, at *1 (M.D.N.C. Jan. 8, 2002) (citing Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266 (4th Cir. 1979)). Under 28 U.S.C. § 455, a justice, judge, or magistrate judge must disqualify himself in any proceeding in which his impartiality might be reasonably questioned. Plaintiff's conclusory allegations wholly fail to allege facts to support a showing of bias by the undersigned. Nor do any circumstances exist that might reasonably call the Court's impartiality into question. The motion for recusal is therefore denied.

Third, Petitioner has filed two Rule 60(b) Motions seeking reconsideration of the denial of § 2255 relief. Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Petitioner's lengthy and repetitive Motions reiterate his § 2255 claims and essentially ask the Court to change its mind about rejecting them. Despite his loquacious attempts to do so, Petitioner has failed to set forth any legal or factual basis for relief under Rule 60, and therefore, his Motions seeking reconsideration will be denied.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Request for Admission, (Doc. No. 28), is **DENIED** as moot.

2. Petitioner's Motion for Recusal, (Doc. No. 29), is **DENIED**.

3. Petitioner's Rule 60(b) Motion (Doc. No. 30), and Amended Rule 60(b) Motion (Doc. No. 32), are **DENIED.**

Signed: October 8, 2019

Max O. Cogburn Jr.
United States District Judge