UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-236-MOC
(3:10-cr-260-MOC-DSC-1)

| | |
|---|---|
| GREGORY D. ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion for Relief of Judgment or Order Under Rule 60(b)(1), (6) of the Rules Governing the Federal Rules of Civil Procedure," (Doc. No. 44).

### I. BACKGROUND

Petitioner filed a *pro se* Motion to Vacate that was docketed in the instant civil case pursuant to 28 U.S.C. § 2255. (Doc. No. 1). The Court denied his motion to supplement the § 2255 and gave him the opportunity to amend instead and Petitioner appealed. (Doc. Nos. 5, 6). The Fourth Circuit dismissed the appeal for lack of jurisdiction. (Doc. No. 14). In his Amended § 2255 Motion to Vacate, Petitioner raised a number of claims of ineffective assistance of counsel, prosecutorial misconduct, and trial court error. (Doc. No. 8). His claims centered around the allegation that the Court misconstrued, and Government breached, the Proffer Agreement which resulted in the Government's use of immunized information in indicting and sentencing Petitioner. One of the claims was that the Government was required to obtain the Court's prior ruling that Petitioner had breached the Proffer Agreement, rather than the Government unilaterally deciding

1

that Petitioner had breached the Agreement, and making use of Petitioner's proffered statements before the grand jury, in the indictment, and at sentencing. The Court dismissed and denied the Amended § 2255 Motion to Vacate in an Order issued on March 12, 2019. (Doc. No. 21). The Fourth Circuit dismissed Petitioner's appeal on August 23, 2019. United States v. Anderson, 776 F. App'x 111 (4th Cir. 2019).

Petitioner filed a number of Motions, including Motions pursuant to Rule 60(b), which were denied on October 8, 2019. (Doc. Nos. 28, 29, 30, 32, 34). With regards to the Rule 60(b) Motions, the Court found that Petitioner was essentially reiterating his § 2255 claims and asked the Court to change its mind about rejecting them, which are not grounds for Rule 60(b) relief. Petitioner again appealed and the Fourth Circuit affirmed in part and dismissed in part on April 17, 2020. United States v. Anderson, 801 F. App'x 169 (4th Cir. 2020). With regards to Rule 60(b), the Fourth Circuit noted that the denial of a Rule 60(b) motion is not appealable unless a certificate of appealability has been granted, which did not occur, and that Petitioner failed to make the requisite showing. Id.

Petitioner filed the instant Rule 60(b) Motion on November 23, 2020. He argues that the Court made a mistake in its § 2255 Order by concluding that it was for the Government, rather than the Court, to determine whether a breach of the Proffer Agreement occurred, and that it erred by concluding that the Government had the right to decide that issue. (Doc. No. 44 at 7).

## II. LEGAL STANDARDS

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a petitioner satisfies these requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

3

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion), *abrogated on other grounds by* United States v. Richardson, 776 F. App'x 106 (4th Cir. 2019); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

### III. DISCUSSION

Petitioner again seeks reconsideration of the Court's Order dismissing and denying § 2255 relief. The instant Motion was filed more than a year and eight months after the § 2255 Order was issued, Petitioner has previously sought and been denied Rule 60(b) relief, and the Fourth Circuit dismissed and denied his appeal. Petitioner again raises matters that were before this Court and the Fourth Circuit and which were rejected. Petitioner fails to cite any new fact or change of law that would make this Motion timely, or that would cast doubt on the Court's disposition of the

4

original § 2255 Motion to Vacate. Further, the Court lacks jurisdiction to grant the relief that Petitioner seeks because Petitioner basically asks the Court to reconsider the merit of his § 2255 claim. The Motion, therefore, in essence an unauthorized second or successive application for § 2255 relief over which this Court lacks jurisdiction.

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's "Motion for Relief of Judgment or Order Under Rule 60(b)(1), (6) of the Rules Governing the Federal Rules of Civil Procedure," (Doc. No. 44), is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion for Relief of Judgment or Order Under Rule 60(b)(1), (6) of the Rules Governing the Federal Rules of Civil Procedure," (Doc. No. 44), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); see also United States v. Ethridge, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a COA to appeal the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 motion to

vacate).

Signed: December 17, 2020

Max O. Cogburn Jr.
United States District Judge

6